UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

WILLIAM ZAMBRANA-SIERRA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 3:15-CV-01844 (JAF)

## OPINION AND ORDER

On May 19, 2014, petitioner William Zambrana-Sierra ("Zambrana") was convicted, by guilty plea, of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. §§ 2 and 1951(a) and sentenced to seventy months in prison, to be served consecutively to the sentence imposed under docket number 11-CR-00495-1, followed by three years of supervised release, due to his role in a criminal conspiracy that led to the gunpoint robbery of a Kmart in Guaynabo, Puerto Rico, on December 31, 2010. He did not appeal the judgment of conviction.  On or about June 2, 2015, Zambrana, who is still incarcerated under the judgment, appears to have timely filed a pro-se petition for a writ of habeas corpus under 28 U.S.C. § 2255, alleging that his lawyer was ineffective by, among other things, neglecting to file a notice of appeal.[1] (ECF No. 1-1 at 3-6.)

---

[1] Zambrana declares, under penalty of perjury, that he deposited his habeas petition in his prison's internal mailing system on June 2, 2015.  (ECF Nos. 1 at 12.)  The declaration complies with 28 U.S.C. § 1746(2).  However, Zambrana does not declare that he prepaid first-class postage for the petition.  As a result, he has not yet shown that the petition was timely under the inmate-filing rule.  *See* Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts. Moreover, the filing was timely only if the judgment of conviction became final upon the expiration of the 14-day period to file a notice of appeal under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure.  *See Brooks* v. *United States*, No. 13-CV-00388, 2013 U.S. Dist. LEXIS 171667, at *5-6 (D.Me. Nov. 5, 2013) (finding that "the First Circuit apparently has not yet decided the issue of when an unappealed judgment is final," and noting a circuit split on the issue).  The court invites further argument on the timeliness of the petition.

"[P]ro se habeas petitions normally should be construed liberally in [a] petitioner's favor." *United States* v. *Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005). Zambrana alleges that his appointed trial attorney, Joseph A. Boucher-Martínez, Esq., rendered him ineffective assistance when Boucher-Martínez did not file a notice of appeal after Zambrana had allegedly sent the attorney "a letter requesting for [him] to file for an appeal." (ECF No. 1 at 6.) In response, the Government claims that Boucher-Martínez says that Zambrana "never requested the filing of an appeal, neither verbally, [n]or in writing." (ECF No. 5 at 8 n.2.) The court finds that this constitutes a factual dispute warranting an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts. If a party believes that any other factual issue needs to be resolved at the hearing, the party should promptly file a brief motion, of no longer than five (5) pages, setting forth the reasons why.

Accordingly, the court hereby **APPOINTS Miguel Oppenheimer, Esq.,** to represent Zambrana until the petition is either granted or denied. The court **ORDERS** the Government to call Boucher-Martínez as a witness at the hearing.

The Evidentiary Hearing shall be held on **February 24, 2016, at 9:30 A.M.** The Defendant shall be present in court and available to testify.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of January, 2016.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE